# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MARQUEZ COPEZ,

    Plaintiff,

v.                                            Civil Action No.: JKB-18-2791

LAWRENCE UMUKORO,[1]
ADEBIYI FAGBEMI,

    Defendants.

## MEMORANDUM OPINION

Defendants Lawrence Umukoro and Adebiyi Fagbemi move to dismiss the Complaint against them. ECF 16. Plaintiff Marquez Copez opposes the motion (ECF 20) and Defendants replied (ECF 21). No hearing is necessary to determine the matters pending. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, the motion to dismiss shall be denied as to Defendants Umukoro and Fagbemi and granted to the extent Copez intended to sue the State of Maryland.

### Background

In his initial Complaint, Copez alleged that on May 2, 2018, he suffered a seizure and was escorted to Mercy Hospital by Defendants Umukoro and Fagbemi who are correctional officers. ECF 1, p. 2. Copez advised Defendants that his handcuffs were too loose and one of the officers, unidentified by Copez, removed Copez's hands from the handcuffs and then struck Copez in the face with a right jab. ECF 1, pp. 2–3. A tech in the room notified Captain Ried of the incident and asked Umukoro to "excuse himself." *Id.*, p. 3. Copez was then moved to a Division of

---

[1] The Clerk shall amend the docket to reflect the correct names of Defendants.

Correction waiting room for transport. *Id.* While there, he asked Defendants for a drink of water, they declined by telling him to sit down, and then one of the officers, unidentified by Copez, charged toward him. *Id.* Copez seeks damages from "the State" and each officer. *Id.*, p. 4.

In his response to Defendants' motion, Copez explains that while he was being treated at Mercy Hospital for a grand mal seizure, he was assaulted by Umukoro when Umukoro struck him in the face while Copez was handcuffed in the hospital treatment area. ECF 20, p. 1. Additionally, Copez clarifies that after that assault when he attempted to get water, both Umukoro and Fagbemi assaulted him.[2] *Id.*, p. 2. Copez states that he was not a threat on either occasion to either officer and the assaults were for "no reason." *Id.*

## Standard of Review

In reviewing a complaint in light of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

---

[2] It is unclear where this alleged assault occurred. In the Complaint, Copez states that the assault occurred in a Division of Correction transportation waiting area at the hopsital. ECF 1. In the Response, he claims the assault occurred at the Maryland Reception Diagnostic and Classification Center. ECF 20.

2

The Supreme Court of the United States explained that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Fed. R. Civ. P. 12(b)(6)). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Defendants Umukoro and Fagbemi assert that the use of "he" in the initial Complaint is vague and ambiguous and does not allow either Defendant to prepare a reasonable response to the Complaint. ECF 16. Additionally, Defendants argue that Copez's claim against the State is barred by Eleventh Amendment immunity. *Id.* In their Reply, Defendants concede that Copez's Response clarifies his claims and ask that if the court construes the Response as an Amended Complaint—which they oppose, noting both the late filing of the Amended Complaint and factual changes in the Complaint allegations—that they be provided an opportunity to respond. ECF 21.

Pursuant to Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 dictates that "[t]he court should freely give leave when justice so requires." *Id.* In light of Copez's self-represented status and the lack of prejudice to Defendants in allowing an amendment to the pleading, Copez's response is construed as an Amended Complaint.

## Analysis

To state a claim of excessive force in violation of his Fourteenth Amendment rights as a pre-trial detainee, Copez may prevail upon evidence that "the use of force is deliberate—*i.e.*, purposeful or knowing." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472 (2015). Copez's claim need not detail a subjective element of his alleged assailant's subjective state of mind. Rather, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473. Objective reasonableness "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). This court is obliged to "make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Kingsley*, 135 S.Ct. at 2473.

Taking Copez's allegations as true, his allegations that the named officers each committed an unprovoked assault upon him are sufficient to support a finding of excessive force. There is no evidence before this court to support a finding that the use of force against Copez was a reasonable

4

reaction to the circumstances confronted by the officers involved. If Copez's allegations that he was purposely beaten without cause are true, he has stated an adequate claim against Umukoro and Fagbemi. Accordingly, the motion to dismiss is denied as to Defendants Umukoro and Fagbemi.

To the extent Copez sought to name the State as a defendant, that claim is dismissed. Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Halderman*, 465 U.S. at 100 (emphasis in original). Thus, Copez's Complaint against the State of Maryland is barred by the Eleventh Amendment.

**Conclusion**

The motion to dismiss filed on behalf of Defendants Umukoro and Fagbemi IS DENIED. The motion to dismiss IS GRANTED as to any claims against the State of Maryland. Defendants Umukoro and Fagbemi shall respond to the allegations raised in Copez's initial Complaint (ECF 1) and Response in Opposition (ECF 20), which the court construes as an Amended Complaint, within thirty (30) days. A separate Order follows.

Dated this 6 day of March, 2020.

FOR THE COURT:

*James K. Bredar*
_____
James K. Bredar
Chief Judge